FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

2016 DEC 28  PM 1: 38

|  |  |  |
|---|---|---|
| OLOYEDE JOHNSON | * | CLERK'S OFFICE AT BALTIMORE |
| Petitioner | * | BY_____DEPUTY |
| v | * | Criminal Case No. ELH-98-0259 |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
|  | *** | |

## MEMORANDUM

Oloyede Johnson filed correspondence (ECF 884) in the above-entitled criminal case on November 29, 2016, seeking reconsideration of an Order issued by the Honorable Benson E. Legg on January 21, 2011 (ECF 764), in which Judge Legg denied Johnson's request for materials related to the grand jury that indicted Johnson. Judge Legg denied the request based on the following rationale, ECF 764 at 1:

> Secrecy of grand jury materials is the norm. Nevertheless, Rule 6(e)(3)(E) [of the Federal Rules of Criminal Procedure[1]] enumerates five situations in which a court "may authorize disclosure . . . of a grand-jury matter." Rule 6(e)(3)(E)(i) provides for disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding." The docket reflects that Mr. Johnson's case has been closed since May 4, 2006. Therefore, the Court will assume that he is seeking these materials preliminarily to a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

---

[1] Fed. R. Crim. Proc. 6(e)(3)(E) provides:

The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:

(i) preliminarily to or in connection with a judicial proceeding;

(ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

Grand jury secrecy can only be lifted in cases of "particularized need." United States v. Procter & Gamble Co., 356 U.S. 677, 683 (1958). In determining whether there is a "particularized need," the trial court must "balance the petitioner's need for release against the traditional public interest reasons for grand jury secrecy." In re Grand Jury Proceedings GJ-76-4 & GJ-75-3, 800 F.2d 1293, 1298-99 (4th Cir. 1986). A particularized need will be found only in those cases where "the need for [disclosure] outweighs the public interest in secrecy." Id. (quoting United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983)). "The moving party bears the burden of showing that the balance between secrecy and need weighs in its favor." United States v. Foggo, 495 F. Supp. 2d 672, 673 (E.D. Va. 2009) (citing In re Grand Jury Proceedings, 800 F.2d at 1298-99).

Here, Johnson offers no evidence or argument to justify the disclosure of the grand jury material he seeks, and Johnson has failed to identify any constitutional error in the grand jury process. Moreover, there are no pending judicial proceedings that would be aided by disclosure of the grand jury materials. As mentioned above, Johnson's direct appeal from his conviction and sentence concluded in May 2006, and, to date, he has not collaterally attacked his conviction or sentence.

In Johnson's correspondence of November 29, 2016, he cites concerns that the grand jury issued a second superseding indictment that included four new charges and states he requires a breakdown of the racial make-up of the grand jury to ensure his due process rights were not violated. ECF 884. Further, he alleges that "Defense at trial was not provided any Jencks material from this indictment" which "raises severe concerns about the validity of this second superseding indictment." Id. Johnson also seeks disclosure of the Order to draw the grand jury that produced the second superseding indictment; the subsequent orders to reconvene the grand jury; the charge given to this grand jury; and the evidence presented to the grand jury. Id. Johnson has no pending motions to vacate in this matter, nor does he state he intends to file one.[2]

---

[2] Given that Johnson's conviction became final over ten years ago, any motion to vacate pursuant to 28 U.S.C. §2255 must fit within very narrow exceptions in order to be accepted as properly filed. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

Johnson's request shall be denied for the same reasons expressed by Judge Legg in his 2011 Order. Johnson states nothing more than suspicions to support his interest in obtaining the information requested. Suspicions and desires to comb records in the hope of discovering an error are simply insufficient to establish a particularized need. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972) (stating that particularized need must be demonstrated by indigent defendant seeking disclosure of court records at government's expense).

An Order denying the request follows.

Date: December 28, 2016                              _____/s/_____

Ellen Lipton Hollander
United States District Judge