IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | *   Crim. No. JKB-98-259 |
| **OLOYEDE JOHNSON,** | * |
| **Defendant.** | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is Oloyede Johnson's *pro se* Motion for Reconsideration of the Court's July 6, 2023 Memorandum and Order denying his Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 1017.) The Government has not filed a response. However, the Court determines that a response is not necessary. Additionally, no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Johnson's Motion will be denied.

### I.  *Factual and Procedural Background*[1]

This criminal matter was commenced on June 24, 1998, when Johnson and several co-defendants were indicted for offenses in connection with a drug trafficking organization operating in Baltimore, Maryland. (ECF No. 1.) On August 18, 1999, the Government charged Johnson and his co-defendant Dwuan Dent with, among other crimes, the murder of an individual named James Brown. (ECF No. 306; ECF No. 1012 at 4, 7.) Dent entered into a Plea Agreement with the Government and was not subsequently tried for any alleged crimes. (ECF Nos. 318, 323.) The murder charge against Dent was eventually dismissed. (ECF No. 391.) Johnson was convicted of

---

[1] A more detailed factual and procedural background of this matter is set forth in the Court's July 6, 2023 Memorandum. (ECF No. 1015.) For brevity, the Court recites only the background information which is relevant to the instant Motion.

Brown's murder (among other crimes) and sentenced to life in prison. (ECF Nos. 405, 410.)

On April 12, 2022, Johnson filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF Nos. 988, 989-1, 1014.) In that Motion, Johnson alleged that in 1999, the Government informed the Court at trial that Dent's murder charge had not been dismissed. (ECF No. 989-1 at 7.) Consequently, Johnson believed that the Government never dismissed this charge. (*Id.*) But, on an undisclosed date, Dent "reached out to" Johnson and informed him that "the murder related charges [against Dent] had in fact been dropped by the [G]overnment" after trial. (*Id.* at 9–10.) Accordingly, Johnson requested a copy of Dent's Plea Agreement and discovered facts which allegedly: (1) demonstrate that Johnson's constitutional rights were violated and (2) warrant vacatur of Johnson's conviction and sentence. (*Id.* at 5–9, 42.)

On July 6, 2023, the Court issued a Memorandum and Order denying Johnson's Motion to Vacate. (ECF Nos. 1015, 1016.) In its Memorandum, the Court observed that in 2011, Johnson received a copy of this case's docket sheet which made clear the existence of Dent's guilty plea. (ECF No. 1015 at 5–6.) Accordingly, the Court held that Johnson's Motion to Vacate was untimely because "Johnson has had inquiry notice of Dent's Plea Agreement since at least 2011" and therefore he "could have discovered the facts supporting his . . . Motion at any point in the intervening 12 years." (*Id.* at 6.)

Johnson filed the instant Motion for Reconsideration of the Court's July 6, 2023 Memorandum and Order on July 24, 2023. (ECF No. 1017.) Johnson contends that the Court relied on a "strained misinterpretation of the facts" in denying his § 2255 Motion, insofar as: (1) the Court incorrectly stated that Johnson requested Dent's Plea Agreement in 2021; (2) the Court did not mail Johnson a complete copy of the docket sheet in 2011; and (3) the Court incorrectly stated that Dent first "reached out to" Johnson in 2021 to inform him of the existence of the Plea

2

Agreement. (*Id.* at 3–8.) Johnson requests that the Court "reverse its decision after a full review of the facts and grant the requested relief." (*Id.* at 8.)

## II. Legal Standards

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e), which permits reconsideration of a prior decision in three narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp., Inc.*, 616 F.3d 380, 386 n.2 (4th Cir. 2010) (alteration added) (citation omitted). A Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided," *Delong v. Thompson*, 790 F. Supp. 594, 618 (E.D. Va. 1991), and "is [not] intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977). Rather, Rule 59(e) permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

Also relevant to the instant Motion, 28 U.S.C. § 2255 allows a convicted person to move to vacate a sentence on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. Motions under § 2255 must typically be filed within one year of the date "on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). However, § 2255 motions (such as Johnson's) that are "based on facts that arise after a conviction becomes final must instead be filed within one year of 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.'"

*United States v. Nunez-Garcia*, 31 F.4th 861, 865 (4th Cir. 2022) (quoting 28 U.S.C. § 2255(f)(4)). If the motion is filed any later, "it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

### III. Analysis

The Court first addresses Johnson's contention that the Court erred by inferring that Johnson was able to ascertain the existence of Dent's Plea Agreement by reviewing the docket sheet. Johnson contends that this analysis was "erroneous" because his copy of this case's docket sheet contains "no entries related to Dent's Plea Agreement . . . ." (ECF No. 1017 at 5.) In support of this argument, Johnson attaches an exhibit to the instant Motion which includes a partial facsimile of the docket sheet which the Court mailed to Johnson in 2011. (*See* ECF No. 1017-1.)

Upon careful inspection of the exhibit, it appears that the Court sent Johnson a docket sheet in 2011 which contained entries pertaining only to Johnson's criminal case, as opposed to the criminal cases against *all* defendants in this matter. (*See id.*) Given this, Johnson argues persuasively that he would have been unable to determine the existence of all filings made in this case, including those which pertained to Dent's guilty plea, simply by referring to the docket sheet he possesses. (ECF No. 1017 at 5.) As such, the Court's previous basis for denying Johnson's § 2255 Motion—the fact that "Johnson has had inquiry notice of Dent's Plea Agreement since at least 2011, when he requested and received this case's docket sheet"—appears to have been mistaken in light of the new information Johnson has provided. (ECF No. 1015 at 6.)

Nonetheless, reconsideration of the Court's July 6, 2023 Memorandum and Order is unwarranted because Johnson's § 2255 Motion is untimely regardless of the contents of the docket sheet he possesses. In addressing certain alleged errors in the Court's Memorandum, Johnson acknowledges that he "first requested a copy of Dent's [P]lea [A]greement on May 2, 2018" after

4

"Dent reached out to him many years ago" to inform him that the murder charges against Dent were dropped. (ECF No. 1017 at 3, 7.) Johnson's argument refers to a "Request for Copy Work," dated April 13, 2018, which was entered by the Clerk on May 2, 2018. (ECF No 891.) In this filing, Johnson "request[s] 'a copy of co-defendant Dwuan Dent's [P]lea [A]greement' in order to satisfy the petitioner's due process right" and in order to "file a motion for relief pursuant to . . . habeas corpus . . . ." (*Id.*) The Court denied Johnson's request for a copy of the Plea Agreement on July 10, 2018, stating that Johnson was "not permitted to have access to a Plea Agreement that does not pertain directly to" him. (ECF No. 892.)

Johnson's § 2255 Motion was brought under 28 U.S.C. §2255(f)(4), and thus was only timely if filed no more than a year after the facts supporting it "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). "Of course, if a court finds that a [movant] exercised due diligence, then the one-year limitation period would begin to run on the date the [movant] actually discovered the relevant facts, because the dates of actual and possible discovery would be identical." *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). The 2018 correspondence between Johnson and the Court makes clear that Johnson not only *could* have discovered, but *did* discover, the existence of Dent's Plea Agreement no later than 2018. Because Johnson describes his 2018 request for the Plea Agreement as occurring "immediately . . . after Dent reached out to him," the Court accepts as true Johnson's contention that he exercised due diligence in making the request. (ECF No. 1017 at 3.) But Johnson did not file his § 2255 Motion—which sought relief based upon his discovery of the existence of the Plea Agreement— until April 12, 2022. (ECF No. 988.) Johnson therefore filed his § 2255 Motion well outside the one-year limitations period set forth at 28 U.S.C. § 2255(f)(4).

The fact that the Court denied Johnson's request for access to Dent's Plea Agreement in

5

2018 does not alter the Court's analysis. As Johnson made clear in the reply brief in support of his § 2255 Motion, the "newly discovered evidence" supporting his Motion is "the discovery of the [P]lea [A]greement"—not any information *within* the Plea Agreement.[2] (ECF No. 1014 at 8 (clarifying that the discovery of alibi evidence related to Dent's murder charge does not constitute newly discovered evidence).) As such, Johnson's knowledge of the existence of the Plea Agreement in 2018 was sufficient to trigger the one-year limitations period set forth at 28 U.S.C. § 2255(f)(4). Given this, Court properly dismissed Johnson's § 2255 Motion—filed in 2022— as untimely. *See* 28 U.S.C. § 2255(f)(4); *Gadsen*, 332 F.3d at 226. Reconsideration of the Court's Memorandum and Order denying Johnson's § 2255 Motion is therefore unwarranted.

### IV.     Conclusion

Because Johnson identifies no errors warranting reconsideration of this Court's July 6, 2023 Memorandum and Order, the Court will deny Johnson's Motion for Reconsideration by separate Order. *See Sloas*, 616 F.3d at 386 n.2 (4th Cir. 2010).

DATED this 22 day of August, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge

---

[2] To the extent that Johnson intends to argue that his discovery of the dismissal of Dent's murder charge also constituted newly discovered evidence, Johnson's briefing makes clear that he discovered this information no later than 2018. (*See* ECF No. 989-1 at 9 ("After his release from prison[,] Dent reached out to Johnson informing him that the murder related charges had in fact been dropped by the [G]overnment. Johnson . . . immediately reached out to the Court requesting a copy of the [P]lea [A]greement [in 2018.]".) Because Johnson discovered this information no later than when he discovered the existence of Dent's Plea Agreement, Johnson's discovery of the dismissed charge cannot render his § 2255 Motion timely for the reasons discussed above.