**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | **Crim. No. JKB-98-259** |
| **OLOYEDE JOHNSON,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * *

**MEMORANDUM**

Currently pending is Oloyede Johnson's *pro se* Motion for Disclosure of Grand Jury Materials.[1] (ECF No. 1025.) The Motion is fully briefed, (ECF Nos. 1027, 1031), and no hearing is necessary, *see* Loc. R. 105.6 (D. Md. 2023). For the reasons below, the Motion will be denied.

***I. Factual and Procedural Background***

On August 18, 1999, Johnson was charged with multiple crimes. (ECF No. 306.) After a trial, Johnson was sentenced to life in prison. (ECF Nos. 405, 410.) On April 12, 2022, Johnson filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. (ECF Nos. 988, 989-1, 1014.) The Court denied the Motion to Vacate and denied a subsequent Motion for Reconsideration. (ECF Nos. 1016, 1019.) On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the denial of Johnson's Motion to Vacate and denied a certificate of appealability. (ECF Nos. 1020, 1030.) The Fourth Circuit declined to rehear the case en banc. (ECF No. 1033.)

Johnson filed the instant Motion on November 9, 2023—several months before the Fourth Circuit's dismissal of his appeal. (ECF No. 1025.) He alleges that a "new version" of the Second

---

[1] A party seeking relief "must do so by motion," so the Court construes Johnson's November 9, 2023 letter to the Court, in which he seeks the disclosure of grand jury materials, as a Motion. Fed. R. Crim. P. 47(a).

Superseding Indictment was "added [to] the record after the fact," which suggests "misconduct" and warrants the disclosure of grand jury materials.[2] (ECF No. 1031 at 2.) The Government counters that Johnson's Motion should be denied because the Court lacks jurisdiction and Johnson has failed to establish a "particularized need" for the materials sought. (ECF No. 1027 at 3.)

### ***II. Legal Standard***

"Grand jury proceedings are generally secret." *United States v. Powers*, 770 F. App'x 48, 48 (4th Cir. 2019) (per curiam). However, a court may authorize the disclosure of grand jury materials "preliminarily to or in connection with a judicial proceeding[.]" Fed. R. Crim. P. 6(e)(3)(E)(i). "[A] party seeking disclosure of grand jury materials must make a showing of a 'particularized need' by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials." *United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007) (quoting *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979)).

### ***III. Analysis***

For the following reasons, the Court finds that it has jurisdiction to consider the instant Motion but denies the Motion because Johnson has failed to demonstrate particularized need.

#### ***A. Jurisdiction***

As a threshold matter, the Government contends that the Court lacks jurisdiction to consider the instant Motion because: (1) Johnson's appeal of the denial of his § 2255 Motion is

---

[2] Specifically, Johnson requests: (1) the "order to draw the grand jury"; (2) "subsequent orders to reconvene the grand jury"; (3) the "name of the magistrate judge who issued the charges presented to the grand jury"; (4) the "number of jurors concurring in the finding of the Second Superseding [I]ndictment"; (5) "[t]ranscripts of all the evidence presented before the grand jury"; (6) the name of the judge "who gave the order to redact the signature of the grand jury foreperson"; (7) an unredacted copy of the Second Superseding Indictment, signed by a magistrate judge and the grand jury foreperson; and (8) a "complete record of the life span of the grand jury[.]" (ECF No. 1025 at 3.)

still pending and (2) the instant Motion is not a "collateral matter" over which a district court would retain jurisdiction despite an appeal. (ECF No. 1027 at 5–7.) These arguments are moot. The Fourth Circuit has dismissed Johnson's appeal and has issued a mandate formalizing its judgment. (ECF Nos. 1030, 1034.) Accordingly, this Court has "regain[ed] jurisdiction" over the matter. *United States v. Montgomery*, 262 F.3d 233, 239 (4th Cir. 2001).

The Government also argues that the instant Motion is a second or successive motion for § 2255 relief which the Court lacks jurisdiction to consider. (ECF No. 1027 at 7.) The Court disagrees. Johnson makes clear that the materials he seeks are intended to support his "pending" § 2255 Motion and "upcoming judicial proceedings." (ECF No. 1025 at 4.) The Court therefore construes the instant Motion as seeking materials to support a request for relief that has been made or will be made. Such a request is not a collateral attack. *See United States v. Campbell*, 294 F.3d 824, 826 (7th Cir. 2002) (holding that a motion requesting "only disclosure of what took place before the grand jury" is not a § 2255 motion). Accordingly, the Court proceeds to consider the merits of the instant Motion.

### ***B. Merits of Johnson's Motion***

To obtain the records he seeks, Johnson must show: (1) that the grand jury materials requested here are necessary to avoid injustice in another proceeding; (2) that the need for disclosure outweighs the need for continued secrecy; and (3) that the request is tailored to cover only the necessary materials. *See United States v. Moussaoui*, 483 F.3d 220, 235 (4th Cir. 2007).

To the extent that Johnson seeks grand jury materials to avoid injustice in the appeal of his § 2255 Motion, his request would appear to be moot: the Fourth Circuit has already dismissed Johnson's appeal. (ECF No. 1030.) Johnson also asserts that the requested materials "are necessary to avoid injustice in upcoming judicial proceedings." (ECF No. 1025 at 4.) But he does

not demonstrate how any specific materials would be relevant, let alone essential, to a future proceeding.[3] Instead, he postulates that evidence of prosecutorial misconduct might be found in the plethora of documents he has requested. (*See id.* at 2 (asserting that the grand jury records will show that the Government presented false testimony, withheld evidence, and engaged in "systemic and pervasive" misconduct).) Johnson's speculative, generalized allegations of misconduct are insufficient to justify disclosure. *See United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) ("Mere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy."). Because the disclosure of grand jury materials is not proper absent "concrete allegations" of wrongdoing, Johnson has not established that the materials requested here are necessary to avoid injustice in a future proceeding. *United States v. Leung*, 40 F.3d 577, 582 (2d Cir. 1994).

Johnson also fails to show that the need for disclosure outweighs the need for secrecy. He points out that "the grand jury in this case has long since been dissolved[.]" (ECF No. 1025 at 3.) But the interest in secrecy is not eliminated "merely because the grand jury has ended its activities." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Indeed, "courts must consider . . . the possible effect upon the functioning of future grand juries" in determining whether disclosure is warranted. *Id.* Johnson does not address this concern, so his argument "rest[s] simply on the weakness of the public interest considerations in favor of secrecy" and is therefore unavailing. *In re Grand Jury Proceedings*, 800 F.2d 1293, 1302 (4th Cir. 1986).

---

[3] Johnson raises one concrete allegation of misconduct. He states that he has been unable to obtain a signed copy of the Second Superseding Indictment and that he has become aware that the Government has a signed copy of this document. (ECF No. 1025 at 2.) He contends that the discrepancy between his copy and the Government's copy is evidence of the filing of a "new version" of this document. (*Id.*) Johnson is mistaken. By submitting a copy-work request form to the Clerk of Court and paying the associated fee, any party may obtain a certified copy of a case filing. That copy will bear an official signature.

Lastly, Johnson's request is not appropriately tailored. He broadly seeks all transcripts of grand jury proceedings as well as several other documents. (ECF No. 1025 at 3.) While he states that the Court "has the option to narrowly structure [his] request," (*id.* at 4), it is not the Court's role to do so, *see Douglas Oil Co.*, 441 U.S. at 222 (stating that the moving party "must show" that a request is properly structured). Because Johnson's request "is sweeping rather than specific," it cannot be granted. *United States v. Powers*, 770 F. App'x 48, 48 (4th Cir. 2019).

***IV. Conclusion***

For the reasons explained above, the Court will deny Johnson's Motion for Disclosure of Grand Jury Materials by separate Order.

DATED this 29 day of April, 2024.

BY THE COURT:

James K. Bredar

James K. Bredar
Chief Judge

Finally, Johnson's request is not appropriately tailored. He broadly seeks all transcripts of grand jury proceedings as well as several other documents. (ECF No. 1025 at 3.) While he states that the Court "has the option to narrowly structure [his] request," (*id.* at 4), it is not the Court's role to do so. *See Douglas Oil Co.*, 441 U.S. at 222 (stating that the moving party "must show" that a request is properly structured). Because Johnson's request "is sweeping rather than specific," it cannot be granted. *United States v. Rogers*, 770 F. App'x 48, 48 (4th Cir. 2019).

## IV. Conclusion

For the reasons explained above, the Court will deny Johnson's Motion for Disclosure of Grand Jury Materials by separate Order.

DATED this 29 day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge